**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2594
_____

UNITED STATES OF AMERICA

v.

QUENTIN LEE,
                            Appellant

_____

On Appeal from the United States District Court for the Middle District of Pennsylvania
District Court No. 3-08-cr-00101-01
District Judge: The Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2011

Before: FUENTES, and CHAGARES, *Circuit Judges* and POLLAK, *Senior District
Judge[*]*

(Filed: February 22, 2011)

_____

OPINION
_____

FUENTES, *Circuit Judge.*

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District
of Pennsylvania, sitting by designation.

Defendant Quentin Lee appeals from the District Court's imposition of sentence. On June 18, 2009, Lee pled guilty pursuant to a plea agreement to conspiracy to distribute and possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. As part of the plea agreement, the Government promised that for purposes of applying the United States Sentencing Guidelines, it would recommend to the sentencing court that Lee had trafficked between 350 to 500 grams of methamphetamine. On June 2, 2010, Lee was sentenced to a term of 87 months of incarceration. Lee argues on appeal that: (1) the District Court erred by failing to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and (2) the Government breached the terms of the plea agreement by informing the District Court that Lee was responsible for trafficking more than 500 grams of methamphetamine. A timely notice of appeal was filed on June 3, 2010.[1] For the reasons below, we will affirm.

I.

Because we write only for the parties, we will discuss only the facts and proceedings to the extent necessary for resolution of this case. On February 27, 2008, a federal grand jury returned an indictment charging Quentin Lee with conspiring to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Nearly one year later, on February 24, 2009, an eleven-count superseding indictment naming Joseph Smith as

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Lee's coconspirator was filed. Under Count One of the superseding indictment, Lee was charged with intentionally distributing and possessing with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Count Seven charged Lee with knowingly and intentionally using a telephone in the course of facilitating a conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 843(b) and 846; Count Eight charged Lee with knowingly and intentionally distributing and possessing with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and Counts Ten and Eleven also charged Lee with knowingly and intentionally using a telephone in the course of facilitating a conspiracy to distribute a controlled substance.

Lee entered into a plea agreement in which he agreed to plead guilty to intentionally distributing and possessing with intent to distribute in excess of 50 grams of methamphetamine.[2] In exchange, the Government agreed that, for purposes of the U.S. Sentencing Guidelines, Lee was responsible for trafficking between 350 grams to 500 grams of methamphetamine as set forth in the plea agreement. The plea agreement also contained the several provisions touching on the government's ability to recommend a sentence and respond to motions by the defense.

---

[2] The Plea Agreement states that defendant agreed to plead guilty to "Count 1 of the Superseding Indictment, which charges the defendant with . . . conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine." Supp. App. 1. In fact, Count 1 of the Superseding Indictment charges defendant with conspiracy to distribute and possess with intent to distribute in excess of *500 grams* of methamphetamine. This mistake notwithstanding, the record is clear that the defendant actually plead guilty to, and intended to plead guilty to, conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine.

Lee was sentenced on June 2, 2010. At the sentencing hearing, Lee's counsel discussed several factors that mitigated in favor of a lower sentence: (1) Lee's relative youth; (2) his cooperation with the authorities; (2) his close relationship with his family and supportive family network; (3) his intelligence and determination to lead a productive life; (4) Lee's personal history as a drug user for twelve years and need for drug rehabilitation; (5) the absence of a violent criminal history, including any violence related to this offense; and (6) Lee's acknowledgement that what he did was wrong. App. 32(a) to 34(a). Defense counsel concluded by asking the district court to "consider a sentence in the range of 60 months." App. 34(a).

In response, the government argued that a guideline sentence between 87 to 108 months was appropriate. The Government contested Lee's assertion that he did not have a violent history, and pointed out that two of Lee's prior offenses involved threats of violence. The Government also drew attention to Lee's role in the instant offense, describing him as belonging to the "upper level . . . of the people involved." App. 36(a). The Government argued that the nature of the offense called for a guideline sentence. In doing so, the Government explained that Lee had benefited from a plea agreement that limited the quantity of drugs attributable to him. More specifically, the Government informed the District Court that " [T]he actual amount of drugs that is attributable to [Lee] under the plea agreement does not reflect the actual amount that he was involved in. I think the Court needs to know that up front, that he got that benefit from signing this plea agreement, because he was a significant drug dealer. He did put this stuff on the street." App. 35(a)-36(a).

4

After considering these arguments, the District Court sentenced Lee to 87 months of incarceration.

## A.

Lee argues that the sentencing court erred by failing to give meaningful consideration to the factors set forth in Section 3553(a). He submits the only Section 3553 factor specifically identified by the District Court was the need for sentencing parity and notes that, "other than a cursory reference . . . the court made no mention of [Section] 3553". In sum, Lee alleges that his sentence is procedurally unreasonable. We disagree.

Courts imposing a sentence after United States v. Booker, 543 U.S. 220 (2005) must follow a three-step process:

> (1) [They] must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre- *Booker* case law, which continues to have advisory force.
>
> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors, in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations, quotations, and modifications omitted). Lee argues that the district court failed to meaningfully consider the Section 3553 factors, as required by the third step of this process. We review the district court's imposition of a sentence for abuse of discretion. United States

5

v. Goff, 501 F.3d 250, 254 (3d Cir. 2007). A claim of procedural reasonableness of the type Lee raises requires us to determine "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." Id. (citing United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007)). However, the District Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." United States v. Jackson, 467 F.3d 834, 841 (3d Cir. 2006).

The record shows that, in this case, the District Court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a). It is true that the District Court was concerned with ensuring sentencing parity with other defendants that had already been sentenced. However, that was by no means the only factor the court considered. The District Court considered defendant's personal characteristics and his involvement in the offense. In response to defense counsel's presentation, the District Court stated that "I could very well have written the plea that your counsel made . . . because I agree with everything that he said," with the exception of the request for a downward departure. App. 38(a). The court noted that it had become familiar with Lee "over the period of time that we have had contact" and "respect[ed] . . . Mr. Lee as a person." App. 38(a). The District Court noted the need to consider deterrence, but concluded that deterrence was not a significant concern in this particular case. App. 38(a) ("I'm not worried about deterrence so much as the fact that I have sentenced and had to sentence other Defendant that were involved in this conspiracy."). The court reflected positively on Lee's potential for rehabilitation. The court also stated that "I think you can fit in society and you can live a

6

perfectly normal and happy life" and noted that "if you benefit yourself with education and training while you're in prison and any treatment that you are to receive while you're in prison, you can come out and overcome with your personality." The court also discussed the need for drug rehabilitation. The court stated that it considered a letter it had received from Lee's mother, who was not present at the sentencing. The District Court concluded by explicitly stating that the 87-month sentence "satisfies not only the guideline range . . . but as well the elements of 3553(a)."

In short, the record shows that the District Court meaningfully considered how the factors set forth in Section 3553(a) applied in defendant's case. The sentencing judge had clearly become familiar with Lee over the course of the criminal case, and his thoughtfulness and appreciation for Lee's circumstances was apparent throughout the proceedings. Although the court did not identify each of the Section 3553(a) individually, we do not require that level of specificity as long as the record demonstrates—as it does here—that the court nonetheless gave meaningful consideration to those factors. United States v. Kononchuk, 485 F.3d 199, 204 (3d Cir. 2007) ("[T]he district court need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing.").

For these reasons, we conclude that the District Court did not abuse its discretion in sentencing Lee to 87 months of incarceration.

B.

Lee also objects several statements the Government made at sentencing. He argues that the Government violated the terms of the plea agreement by taking the "position at

7

the sentencing hearing that the amount of Lee's drug involvement exceeded [500 grams]." Bl. Br. 9. Because Lee did not object to the Government's statements at sentencing, we review his second claim for plain error. United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006). Therefore, "in order to prevail on appeal [Lee] must establish an error that is plain, which affected his substantial rights, and which, if not rectified, would seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Ward, 626 F.3d 179, 183 (3d Cir. 2010).

Lee has not established that the Government's conduct constitutes plain error. In Paragraph Eleven of the plea agreement, the Government agreed to limit the quantity of drugs that Lee was responsible for to "more than 350 grams but less than 500 grams of methamphetamine," but only "with respect to the application" of the Sentencing Guidelines. The record shows that the Government complied with those terms: at no time during the sentencing hearing did the Government ask for a sentence based on *more* than 500 grams of methamphetamine. In addition, the Assistant United States Attorney consistently asked for a sentence within the guidelines range of 87 to 108 months. It was only in response to Lee's request for a sentence of 60 months that the Government informed the District Court that Lee was in fact involved in trafficking more than 500 grams of methamphetamine. In doing so, the Government did not breach the terms of the plea agreement. Paragraph 25 of the Plea Agreement explicitly provided that the Government was not restricted in responding to "any motions filed on behalf of the defendant." The Agreement further provided that the Government was not restricted "in responding to any request by the Court . . . including, but not limited to, requests for

8

information concerning possible sentencing departures." Thus, once defendant asked the Court to sentence him to a term of incarceration less than the guideline range, the plea agreement permitted the Government to respond by informing the District Court about the full extent of Lee's criminal involvement.

Therefore, we conclude that Lee has failed to establish plain error. See United States v. Rivera-Rodriguez, 489 F.3d 48, 57-59 (1st Cir. 2007) (government's conduct in informing the court that defendant was responsible for greater quantities of cocaine than set forth in plea agreement did not rise to plain error because government continued to ask for guideline sentence).

II.

For the reasons above, we affirm the judgment of the District Court.